## Maria Sherman v. City of Chicago.

1. CITIES AND VILLAGES—*Liability for Defective Sidewalks—Notice.*
—It is essential that there should be actual notice to the municipality
of the defect in a sidewalk, or that it had existed for such length of
time that the authorities will be presumed to have known of its exist-
ence.   One or the other of these conditions must exist in order to render
the municipality liable.

Trespass on the Case, for personal injuries.   Error to the Circuit
Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.
Heard in the Branch Appellate Court at the March term, 1901.   Af-
firmed.   Opinion filed March 18, 1902.

This was a suit by Maria Sherman, plaintiff in error, to
recover damages from the city of Chicago for personal
injuries sustained by reason of a fall upon a defective side-
walk in the city on May 12, 1899.

Miss Sherman was fifty-three years of age, and with her
sister, ran a large boarding house at No. 22 Wisconsin
street, Chicago.   On the day in question she was going
west on the north sidewalk on Goethe street east of Wells
street, it being then raining and she carrying an umbrella.

While so proceeding she tripped upon a plank which was
loose in the sidewalk, with one end gone so that it did not
reach the third stringer, and which was raised at the mo-
ment from its position by reason of its being stepped upon
by Edward Levy, who was a witness in the case.   Thus
tripping, Miss Sherman fell and injured her ankle in such
a way that she has been lame ever since.

The jury rendered a verdict for the defendant, upon
which there was judgment.

JOHN P. McGOORTY, attorney for plaintiff in error; JOHN
M. POLLOCK, of counsel.

ANDREW J. RYAN, city attorney, JOHN E. KEHOE, assist-
ant city attorney, attorneys for defendant in error; JAMES
J. KELLY, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.
As to the condition of the walk and especially the plank

upon which the plaintiff tripped, the plaintiff's witness, Mr. Wellendorf, testified: "As far as I know, that board had been all right up to the time of this accident." The plaintiff testified: "I saw the board before it was tripped up by Mr. Levy, before he stepped on it and tripped it up. The board looked all right to me. As far as I could see there was nothing the matter with it."

Mr. Hahn, a witness for the defendant, testified: "This was an old sidewalk in fair condition. The boards were all whole as far as I could judge. They were old boards, some of them rotten, I should say; I nailed that board down."

Bertha Palmer testified that she was acquainted with the sidewalk—frequently passed over it. "So far as I know in going over it, it was good. I never met with any trouble; always seemed good. I didn't see anything the matter with it."

John Mengler testified: "I was on that sidewalk in the forenoon before the accident happened; there were no boards loose along the side of the store that forenoon; when I went over it was all right."

There was no evidence of actual notice to the defendant of the defect or that it had existed for such a time that the city will be presumed to have known thereof.

One or the other of these conditions must exist to render the city liable.

The instruction complained of ought not to have been given; as, however, it affected only the question of damages, its refusal in a case where there could be no recovery is not material.

The judgment of the Circuit Court is affirmed.